UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

USAO# 2018R04154

**SEALED**

| IN THE MATTER OF THE SEARCH OF MULTIPLE SOURCES AND LOCATIONS RELATED TO THE INVESTIGATION OF MARK CONDITT AND THE AUSTIN BOMBINGS OF 2018 | § § § § § § § § § § | 1:18-mj-168<br>1:18-mj-169<br>1:18-mj-170<br>1:18-mj-171<br>1:18-mj-188<br>1:18-mj-189<br>1:18-mj-191<br>1:18-mj-208<br>1:18-mj-218 |
|---|---|---|

## MOTION FOR LIMITED UNSEALING FOR MULTIPLE SEARCH WARRANT AFFIDAVITS

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and respectfully requests the Court to Order a limited unsealing of multiple search warrant affidavits in the cause numbers above, all of which were part of the same investigation. The Government requests that this Motion be filed under seal initially and then UNSEALED and a redacted copy of the Affidavits (as attached to this Motion) be UNSEALED, with the remaining items filed in each of the cause numbers above remaining SEALED.

The Court previously granted Government's motion to maintain these search warrants as sealed, Ordering the Government to: 1) notify the Court within 14 days of closing the investigation in this matter and 2) make a request regarding continued sealing or disclosure of the search warrant materials.

## FACTS

On March 20, 2018, this Court issued an Arrest Warrant for Mark Conditt in A18-M-207-ML for a violation of Title 26 United States Code § 5861. Law enforcement confirmed that Mark Conditt was deceased since approximately 1:59 AM on March 21, 2018. On April 9, 2018, this Court issued an Order dismissing the Complaint and providing for a limited unsealing of the Criminal Complaint Affidavit.

During the investigation into Conditt and the Austin bombings, the Government requested multiple search warrants. Analysis of the available data seized pursuant to those search warrants is now complete. The Government also analyzed voluminous records acquired through other investigatory techniques and conducted multiple interviews. In the course of its investigation, the Government found no evidence of communications or links between Conditt and any international terror groups or domestic hate groups. The Government likewise found no evidence that any recognized ideology had motivated Conditt. The Government has no basis to believe that any additional charges will be sought in connection with the bombings, and the Government closed the criminal matter on January 10, 2019.

Pursuant to the Court's Order, the Government is notifying the Court through this Motion that the investigation is closed and is proposing certain redactions to the Affidavits in these cause numbers.

The Government's motion and the Court's Order in A18-M-207-ML identified several interests that justified limited redaction of the complaint documents, including the possible chilling effect on information provided by informants and witnesses to law enforcement; the potential hindrance to ongoing law enforcement investigations if certain details were revealed; the potential hindrance to law enforcement if certain investigative techniques were made public; innocent third

parties' rights to privacy; and disclosure restrictions related to certain protected records and to personal identifying information, as imposed by law and the rules of the Court.

As noted above, this investigation is now closed. Accordingly, there is little possibility that unsealing the search warrant affidavits will hinder any ongoing investigation related to these events. However, the other interests favoring non-disclosure remain as compelling now as they were during the investigation. The Government's requested redactions are designed to protect those interests.

Therefore, while the Government acknowledges the public's qualified right of access to judicial records, *see United States v. Sealed Search Warrants*, 868 F.3d 385, 390–96 (5th Cir. 2017), the Government believes that those interests are outweighed in this case by the following interests favoring nondisclosure, as summarized above: the possible chilling effect on information provided by informants and witnesses to law enforcement; the potential hindrance to law enforcement if certain investigative techniques or explosive device-making techniques are made public; innocent third parties' rights to privacy; and disclosure restrictions related to certain protected records and to personal identifying information, as imposed by law and the rules of this Court.

For the above reasons, the Government requests that the original documents filed in these cause numbers remain sealed until further order of the Court, and that the attached versions of the Affidavits be unsealed and made part of the public record.

                                            JOHN F. BASH
                                            United States Attorney

By:

                                            Michael C. Galdo
                                            Assistant United States Attorney